UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 19-8723-SVW (KK)** | Date: | November 8, 2019 |

Title: *David G. Mountford v. The People of California*

---

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed as Untimely

## I.
## INTRODUCTION

Petitioner David Mountford ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. It appears, however, the Petition is subject to dismissal as untimely. The Court will provide Petitioner an opportunity to address this issue before making a final determination regarding whether the Petition should be dismissed.

## II.
## BACKGROUND

### A. STATE COURT PROCEEDINGS

On December 12, 2012, Petitioner pleaded nolo contendere to the charge of grand theft of property with a value exceeding $950 in violation of section 487(a) of the California Penal Code. Dkt. 1, Pet.; see also People v. Mountford, No. B287050, 2018 WL 4204253, at *1-2 (Cal. Ct. App. Sept. 4, 2018), review denied (Nov. 14, 2018). The trial court sentenced Petitioner to seven years in prison, suspended the sentence, and placed him on three years of formal probation.

At a probation violation hearing in August of 2015, Petitioner admitted to violating the terms of his probation. Id. The court terminated probation and imposed the seven-year prison sentence. Id.

On October 1, 2017, Petitioner filed a Petition for Resentencing pursuant to Proposition 47, section 1170.18 of the California Penal Code ("Proposition 47") in Los Angeles County Superior Court, alleging the loss from his grand theft conviction did not exceed $950. Id.  At a hearing on November 27, 2017, the court denied Petitioner's petition, finding that his conviction for grand theft of property with a value in excess of $950 rendered him ineligible for Proposition 47 relief. Id.

On December 15, 2017, Petitioner appealed the denial of his Petition for Resentencing in the California Court of Appeal.  Id.  On September 4, 2018, the California Court of Appeal affirmed the denial of resentencing, finding he was ineligible for resentencing under Proposition 47 and to the extent he was seeking to challenge the circumstances of his plea, he failed to timely appeal his plea. Id.

On October 15, 2018, Petitioner filed a petition for review in the California Supreme Court. Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/ case/dockets.cfm?dist=0&doc_id=2266645&doc_no=S251930&request_token=NiIwLSIkTkg%2B WzBRSCM9VExJQEA0UDxTJiJOIzlTMCAgCg%3D%3D (last updated Nov. 7, 2019 at 1:38 PM).  On November 14, 2018, the California Supreme Court summarily denied review.  Id.; Dkt. 1 at 3.

Petitioner also filed a habeas petition in the superior court, raising the following claims: "(1) seeking invalidation of plea; (2) I was not represented by Attorney of Record at time of plea acceptance and sentencing."  Dkt. 1, Pet. at 4.  On October 17, 2018, the superior court denied the petition.  Id.

On December 19, 2018, Petitioner filed a habeas petition in the California Court of Appeal raising the same two claims.  Id.; see also Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2274286&doc_n o=B294542&request_token=NiIwLSIkTkg%2BWzBRSCJNXE5JQDg6USxTKiNeUz5TUCAgCg %3D%3D (last updated Nov. 7, 2019 at 1:38 PM).  On January 3, 2019, the California Court of Appeal denied the petition "because petitioner does not demonstrate that he is unlawfully imprisoned or restrained of his liberty, either by actual or constructive custody, in California. (Pen. Code § 1473; People v. Villa (2009) 45 Cal. 4th 1063, 1070.)."  Id.

On April 15, 2019, Petitioner filed a habeas petition in the California Supreme Court raising the same two claims.  Dkt. 1, Pet. at 4; see also Cal. Courts, Appellate Courts Case Info., Docket, https://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2283891&doc_n o=S255256&request_token=NiIwLSIkTkg%2BWzBRSCJNWElJUFA0UDxTJiNOTz9SUCAgCg %3D%3D (last updated Nov. 7, 2019 at 1:38 PM).  On July 10, 2019, the California Supreme Court denied the petition with the following citations: "See In re Robbins (1998) 18 Cal. 4th 770, 780 [courts will not entertain habeas corpus claims that are untimely]; People v. Villa (2009) 45 Cal. 4th 1063, 1066 [habeas corpus relief is unavailable where the petitioner is not in the custody of California authorities as a result of the challenged conviction]."  Id.

While it is not entirely clear from the Petition, Petitioner admits he has "completed" his sentence resulting from his December 12, 2012 conviction.  Dkt. 1, Pet. at 2.

///
///
///

B.   **FEDERAL HABEAS PROCEEDINGS**

On August 31, 2019, Petitioner constructively filed[1] the instant Petition. Dkt. 1, Pet. at 8. While not entirely clear, it appears Petitioner is challenging his December 2012 conviction and sentence on the following grounds: (1) seeking to invalidate his plea; and (2) Petitioner was "not represented by [his] attorney of record Andrew Flier at time of plea acceptance and sentencing." Id. at 5-7.

### III.
### THE PETITION IS UNTIMELY AND IS SUBJECT TO DISMISSAL

A.   **THE PETITION WAS FILED AFTER AEDPA'S ONE-YEAR LIMIATIONS PERIOD**

Petitioner filed the Petition after April 24, 1996, the effective date of AEDPA. Dkt. 1. Therefore, the requirements for habeas relief set forth in AEDPA apply. Soto v. Ryan, 760 F.3d 947, 956-57 (9th Cir. 2014). AEDPA "sets a one-year limitations period in which a state prisoner must file a federal habeas corpus petition." Thompson v. Lea, 681 F.3d 1093, 1093 (9th Cir. 2012). Ordinarily, the limitations period runs from the date on which the prisoner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)").

Here, Petitioner's conviction became final on February 10, 2013, i.e., 60 days after the entry of judgment, which was the "expiration of the time for seeking" an appeal to the California Courts of Appeal. 28 U.S.C. § 2244(d)(1) ("Section 2244(d)(1)"); Cal. R. Ct. 8.308 ("[A] notice of appeal… must be filed within 60 days after the rendition of the judgment or the making of the order being appealed."). AEDPA's one-year limitations period commenced the next day, February 11, 2013 and expired on February 11, 2014. 28 U.S.C. § 2244(d)(1). However, Petitioner constructively filed the Petition on August 31, 2019. Therefore, in the absence of any applicable tolling, the Court finds the Petition untimely by over five and a half years under Section 2244(d)(1). Thompson, 681 F.3d at 1093.

B.   **STATUTORY TOLLING DOES NOT RENDER THE PETITION TIMELY**

"A habeas petitioner is entitled to statutory tolling of AEDPA's one-year statute of limitations while a 'properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending.'" Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012) (quoting 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)")). Statutory tolling does not extend to the time between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because, during that time, there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Moreover, "[S]ection 2244(d) does

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on April 17, 2016. Dkt. 1, Pet. at 8. Thus, the Court deems April 1, 2016 the Petition's filing date.

not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) (citation omitted).

Here, Petitioner did not appeal his conviction or file any state habeas petitions until at least December 2017. Dkt. 1 at 3-5; see also Mountford, 2018 WL 4204253, at *1-2. The limitations period, however, ended on February 11, 2014. Therefore, statutory tolling does not render the Petition timely. See Ferguson, 321 F.3d at 823.

## C.     EQUITABLE TOLLING DOES NOT RENDER THE PETITION TIMELY

In addition to the statutory tolling provided for by Section 2244(d)(2), the "AEDPA limitations period may be tolled" when it is "equitably required." Doe v. Busby, 661 F.3d 1001, 1011 (9th Cir. 2011). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." Bills v. Clark, 628 F.3d 1092, 1097 (9th Cir. 2010) (alteration in original). A court may grant equitable tolling only where "'extraordinary circumstances' prevented an otherwise diligent petitioner from filing on time." Forbess v. Franke, 749 F.3d 837, 839 (9th Cir. 2014). The petitioner "bears a heavy burden to show that [he] is entitled to equitable tolling, 'lest the exceptions swallow the rule.'" Rudin v. Myles, 781 F.3d 1043, 1055 (9th Cir. 2015).

"Where an attorney's misconduct is sufficiently egregious, it may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statute of limitations." Spitsyn v. Moore, 345 F.3d 796, 800 (9th Cir. 2003), as amended (Nov. 3, 2003); see also Ford v. Hubbard, 330 F.3d 1086, 1106 (9th Cir. 2003) ("[T]here are instances in which an attorney's failure to take necessary steps to protect his client's interests is so egregious and atypical that the court may deem equitable tolling appropriate."). However, equitable tolling cannot be granted based on a conclusory statement without facts or evidence to support it. Cabrera v. Pennywell, No. CV 13-4702-GAF JEM, 2014 WL 1271208, at *4 (C.D. Cal. Mar. 24, 2014); see also Williams v. Dexter, 649 F. Supp. 2d 1055, 1061-62 (C.D. Cal. 2009) (inmate not entitled to equitable tolling when such "claim is . . . unsupported by competent evidence and is grossly conclusory").

Here, Petitioner appears to allege the delay in seeking review of his conviction was "caused by not being advised of the adverse consequence that accepting the plea would expose [him] to future sentencing enhancements, both in California and under the laws of other states." Dkt. 1, Pet. at 5. However, Petitioner has not set forth any facts or evidence as to why his attorney's conduct was egregious and constituted an "extraordinary circumstance." Therefore, in the absence of facts to support his assertion, Petitioner's conclusory claim of ineffective assistance does not warrant equitable tolling. Thus, equitable tolling does not render the Petition timely.

## IV.
## ORDER

For the foregoing reasons, the Petition appears subject to dismissal. Petitioner is therefore **ORDERED TO SHOW CAUSE** why the Petition should not be dismissed as untimely by filing a

written response no later than **November 29, 2019**.[2]  If Petitioner is seeking to challenge his sentence in the District of Nevada, where he is also presently confined, and would like the opportunity to argue before that court that his Petition falls into an exception to Lackawana,[3] he may request in his response to this Court that the action be transferred to the United States District Court for the District of Nevada.

ALTERNATIVELY, **Petitioner May Voluntarily Dismiss the Action Without Prejudice**: Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a).  **The Clerk of the Court has attached a Notice of Dismissal form for Petitioner's convenience.**  However, the Court warns Petitioner that if Petitioner should later attempt to again raise any dismissed claims in a subsequent habeas petition, those claims may be time-barred under the statute of limitations in Section 2244(d)(1).  28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.").

**The Court warns Petitioner failure to timely file a response to this Order will result in the Court dismissing this action with prejudice as untimely, and for failure to prosecute and comply with court orders.  See Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**

---

[2] To the extent Petitioner is seeking to challenge the denial of his petition for resentencing pursuant to Proposition 47, such a claim is not cognizable on federal habeas review.  See Lewis v. Jeffers, 497 U.S. 764, 780, 110 S. Ct. 3092, 111 L. Ed. 2d 606 (1990) (holding state sentencing issues are generally not cognizable on federal habeas review); Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989) (holding whether assault with a deadly weapon was a serious felony under state enhancement statute is a state law question not cognizable on federal habeas review); Watts v. Montgomery, CV 15-7294 MWF (SS), 2018 WL 2175974, at *3 (C.D. Cal. Mar. 19, 2018) (holding a petitioner's federal habeas petition challenging the state court's denial of his application for resentencing was not cognizable).

[3] Petitioner states, "As a direct consequence of this plea, I was exposed to a life sentence in the state of Nevada."  Dkt. 1, Pet. at 5.  To the extent Petitioner is seeking to challenge the enhancement of his sentence in the United States District Court for the District of Nevada, such challenge appears barred by Lackawanna Cty. Dist. Attorney v. Coss, 532 U.S. 394, 403-04, 121 S. Ct. 1567, 149 L. Ed. 2d 608 (2001) ("Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid.  If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.").  Nevertheless, this Court lacks jurisdiction to consider such a claim.  See 28 U.S.C. § 2241(d) (a petition for writ of habeas corpus may be filed in the United States District Court of either the judicial district in which the petitioner is presently confined or the judicial district in which the petitioner was convicted and sentenced).